UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036<br><br>and<br><br>NOAH SHACHTMAN<br>The Daily Beast<br>555 W. 18th Street<br>Fifth Floor<br>New York, NY 10011<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL SERVICES<br>ADMINISTRATION<br>1800 F Street, NW<br>Room 7308<br>Washington, D.C. 20037<br><br>    Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 20-3827 |

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records withheld from the plaintiffs The James Madison Project and Noah Shachtman by the defendant General Services Administration.

**JURISDICTION**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Noah Shachtman ("Shachtman") currently serves as the Editor in Chief of The Daily Beast, and is a representative of the news media.

5. Defendant General Services Administration ("GSA") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

## FACTUAL BACKGROUND

6. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks production of U.S. Government records outlining the behind-the-scenes reality of the delays in GSA rendering its legal and statutory determination that Joseph Biden was the "president-elect" of the United States.

7. The Presidential Transition Act of 1963 ("PTA") governs the procedures by which the GSA, in coordination with various other U.S. Government agencies, handles disbursement of funds, equipment and office space for the transition team of the President-Elect of the United States in the period of time between Election Day and Inauguration Day. Pursuant to statutory obligations, preparations to effectuate these transition activities were ongoing for months prior to the 2020 General Election and were reported to Congressional oversight committees. *https://www.gsa.gov/cdnstatic/2020%*

*20Presidential%20Transition%20Activities%20Three%20Month%20Report%20to%20Congress_Homeland%20Security%20and%20Governmental%20Affairs-Final.pdf* (last accessed December 28, 2020).

8. By November 9, 2020, virtually all major media networks and outlets projected that Mr. Biden had secured sufficient electoral votes to qualify as the "president-elect" of the United States. *https://www.msn.com/en-us/news/politics/joe-biden-is-projected-winner-of-2020-election/ar-BB1aNc4H* (last accessed December 28, 2020). Despite that fact, GSA delayed in rendering its own statutory determination pursuant to the PTA. *https://www.rollcall.com/2020/11/12/is-president-trump-directing-the-gsa-to-decline-to-call-joe-biden-the-president-elect-they-wont-say/* (last accessed December 28, 2020). Until GSA rendered that determination, it was not permitted to disburse the aforementioned resources to the transition team of Mr. Biden or implement other necessary coordination with U.S. Government agencies in terms of security clearance vetting and related personnel matters. *https://www.washingtonpost.com/politics/trump-gsa-letter-biden-transition/2020/11/08/07093acc-21e9-11eb-8672-c281c7a2c96e_story.html* (last accessed December 28, 2020).

9. These delays by the GSA coincided with public remarks by President Donald J. Trump ("President Trump") and his media and political allies alleging, among other things, widespread voter fraud. *https://www.rollcall.com/2020/11/12/is-president-trump-directing-the-gsa-to-decline-to-call-joe-biden-the-president-elect-they-wont-say/* (last accessed December 28, 2020).

10. It was not until November 24, 2020, three weeks after the election, that the GSA finally concluded, pursuant to the PTA, that Mr. Biden was the apparent "president-

elect". *https://news.yahoo.com/gsa-designates-joe-biden-apparent-164148354.html* (last accessed December 28, 2020).

11. This FOIA lawsuit seeks disclosure of GSA records outlining not only the standard procedures by which the statutory designation would *ordinarily* have been rendered, but also any communications between GSA (and particularly GSA Administrator Emily Murphy) and other U.S. Government officials or third parties regarding the election results and the GSA's statutory duty to render the "president-elect" determination.

## **COUNT ONE**

12. The plaintiffs, JMP and Shachtman (hereinafter referred to jointly as "the Requesters"), repeat and reallege paragraphs 6 through 11 above, inclusive.

13. By letter dated November 8, 2020, the Requesters submitted to the GSA a FOIA request for records.

14. The FOIA request specifically sought copies of records, including cross-references, memorializing the following:

1) Any communications – including verbal communications memorialized in writing – reflecting discussions within GSA and/or between GSA officials and other U.S. Government officials with respect to rendering the legal determination that Mr. Biden is the President-Elect;

2) Any documentation reflecting the factual, policy and/or legal basis for declining to render the legal determination that Mr. Biden is the President-Elect;

3) Any documentation outlining the criteria – whether factual, policy, or legal – upon which GSA relies prior to rendering the legal determination that a candidate for president has met the statutory threshold to qualify as "president-elect"; and

4) Any communications – including verbal communications memorialized in writing – since November 3, 2020, that involve GSA Administrator Emily Murphy ("Administrator Murphy") and which pertain to the presidential election.

15. In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or who otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redaction of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing.

16. On November 9, 2020, GSA designated the request as GSA-2021-000177. GSA also noted that it was granting expedited processing.

17. GSA subsequently notified the Requesters that the agency was invoking its statutory 10 working day extension to respond to the FOIA request.

18. To date, no substantive response has been received by the Requesters from GSA regarding the FOIA request. The Requesters have constructively exhausted all required administrative remedies.

WHEREFORE, plaintiffs The James Madison Project and Noah Shachtman pray that this Court:

(1) Order the defendant federal agency to produce copies of all non-exempt records responsive to the FOIA request;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   December 28, 2020

                              Respectfully submitted,

                                  /s/ *Bradley P. Moss*
                              _____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs